Central Savings Bank in the City of New York, Respondent, *v.* Alvo Realty Corporation, Respondent, and Dasol Realty Co., Inc., and Others, Defendants. Frederick P. Altschul, Receiver, Appellant.

Order affirmed, without costs. No opinion. Present — Finch, P. J., Martin, O'Malley, Townley and Glennon, JJ.; Finch, P. J., dissents.

Finch, P. J. (dissenting). The receiver qualified on November 2, 1933. On November seventeenth the action was settled. In the interim the receiver incurred certain necessary expenses for operation and maintenance of the property, a large apartment house, such as coal and plumbing repairs, necessary during a severe spell of cold weather. Because of the obstructive tactics of the owner of the premises and the fact that on the first day of November the owner had collected practically all the rent for that month, the receiver was able to collect only thirty-five dollars, notwithstanding the rent roll was $740 a month. The court denied any compensation or reimbursement other than out of the rent actually collected upon the ground there was lack of authority to do so. In this the court erred. Such authority exists and should be exercised, if the circumstances warrant. The circumstances here show that the rent roll was ample to take care of current necessary expenses. Even assuming the receiver knew, as claimed by the respondent, that negotiations were pending to settle the action and was requested to keep his expenditures at a minimum, nevertheless it was incumbent upon the receiver to maintain heat for the tenants and make the necessary emergency repairs. A promise to reimburse the receiver for expenses necessarily incurred can be implied from the very fact, as claimed by the respondent, that the attorney for the plaintiff requested the receiver to keep down his services and expenditures. Since the court denied relief to the receiver upon an erroneous premise and failed to pass upon the reasonableness of the expenditures and the amount of compensation due the receiver, the order appealed from should be reversed and the matter remitted to the court to pass upon both these issues and to make proper allowance therefor.